IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER MATTHEW MAY, )
)
    Plaintiff, )
)
 -vs- )    Civil Action No. 17-132
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Christopher Matthew May ("May") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying his claim for a period of disability[2] and disability insurance benefits ("DIB") and supplemental security income ("SSI"). He alleges a disability beginning on August 5, 2015. (R. 20) Following a hearing before an ALJ, during which time both May and a vocational expert ("VE") testified, the ALJ denied his claim. May appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [12] and [16].

### Legal Analysis

1. Standard of Review

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] The ALJ determined that May meets the insured status requirements of the Social Security Act through September 30, 2018. (R. 22)

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

2

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

2. The ALJ's Analysis

At step one, the ALJ found that May had not engaged in substantial gainful activity since August 5, 2015, the onset date. (R. 22)[3] At step two, the ALJ concluded

---

[3] The ALJ observed that May "worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity." (R. 22) girlfriend.

3

that May has the following severe impairments: degenerative disc disease and a small lumbar disc herniation, history of right knee surgery, obesity, affective disorder, anxiety, personality disorder, and a history of substance abuse. (R. 22-23)[4]

At step three, the ALJ concluded that May does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listing 1.02 (knee), 1.04 (spine), 12.04, 12.06, 12.08, and 12.09 (mental impairments) as well SSR 02-1p (obesity). (R. 23-25)

Prior to engaging in step four, the ALJ assessed May's residual functional capacity ("RFC").[5] He found May able to perform sedentary work with certain restrictions. (R. 25-32) At step four, the ALJ determined that May was unable to perform past relevant work as a forklift operator, industrial truck operator, laminator, and / or carnival worker / construction worker II because these positions were not consistent with his RFC. (R. 32)

Finally, at step five, the ALJ found that, considering May's age, education, work experience, and RFC, there are significant numbers of jobs in the national economy that May can perform. (R. 33) For instance, the ALJ explained that May would be able to perform the requirements of representative occupations such as table worker, document specialist, and surveillance system monitor. (R. 33)

   3. <u>Medical Opinions</u>

---

[4] The ALJ referenced some other conditions, such as hypothyroidism and hyperlipidemia, but found that they did not constitute "severe impairments." (R. 23)

[5] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

May urges that the ALJ did not comply with the "Treating Physician Rule." The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id*, § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id*. Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*, § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, 'where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

5

*Becker v. Comm'r. of Soc. Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions of disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation for his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

    A.  Dr. Kalenak

Although May references the ALJ's treatment of Dr. Kalenak's opinion as erroneous, his brief is devoid of any substantive discussion in support of his contention. May does not address how the ALJ's decision to accord Kalenak's opinion "little weight" is unsupported by substantial evidence of record. Indeed, other than repeating Kalenak's finding, May's only reference to his treating physician is that Kalenak's opinion supports the conclusion that May is disabled. This is the wrong standard. The:

6

question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings. … Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's findings, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016) (citations omitted).

Further, my review of the record convinces me that substantial evidence of record supports the ALJ's decision to give Kalenak's opinion little weight. For instance, the ALJ correctly noted that "[a]n opinion on whether an individual is disabled is an issue reserved to the Commissioner." (R. 30) Opinions of disability are not medical opinions and are not given any special significance." *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006). Consequently, Kalenak's opinion that May was "temporarily disabled" between November 4, 2015 and November 4, 2016 is not persuasive. (R. 523)[6] Further, the ALJ appropriately found that Kalenak's pronouncements on mental health issues were outside his area of expertise and thus not entitled to deference. (R. 30) See *Cunningham v. Comm'r. of Soc. Sec.*, 507 Fed. Appx. 111, 119 (3d Cir. 2012) (affirming an ALJ's decision to give diminished weight to an opinion from a psychologist on claimant's migraines because, as a psychologist rather than a medical doctor, the issue was outside of his area of expertise). Finally, the ALJ also noted that Kalenak's "records do not overall demonstrate severely abnormal examinations to support his findings of disability." (R. 30), *citing* Ex. 3F, 15F. Again, this

---

[6] Kalenak's statements appear on what is essentially a "check box form" for the Pennsylvania Department of Public Welfare Employability Assessment Form. (R. 522-23)

7

is an appropriate basis for discounting an opinion. *See Weidner v. Colvin*, Civ. No. 12-709, 2014 WL 901137, at * 5 (M.D. Pa. March 7, 2014) (stating that "when the opinion of a claimant's treating physician is either inconsistent with the physician's own treatment records or contrary to the opinions of other examiners, the ALJ may decline the rule of deference and give limited or no weight to the testimony, reports, and opinions of the treating physician."), *citing, Brown v. Astrue*, 649 F.3d 193, 196-97 (3d Cir. 2011).

### B. Dr. Pacella

Nor am I convinced by May's argument regarding Dr. Pacella's opinion. Pacella performed a psychiatric evaluation of May in February of 2016. (R. 583-90). He found that May had a "marked" impairment in his ability to interact appropriately with the public, any supervisors, and any co-workers as well as a marked impairment in his ability to respond appropriately to usual work situations and to changes in a routine work setting. (R. 589) The ALJ gave Pacella's report partial weight and offered several legally sound reasons for his assessment. The ALJ explained, in part, that Pacella did not have a longitudinal picture of May's symptoms and impairments, that his findings appear to be based upon acceptance of May's subjective complaints and self-reported history, and that his conclusion is inconsistent with his objective findings. (R. 30) These are valid and acceptable reasons for discounting opinion evidence. *See* 20 C.F.R. § 404.1527, §416.927 (Evaluating Opinion Evidence). Moreover, substantial evidence of record supports the ALJ's findings. (R. 585) (i.e., indicating that May was "alert and fully oriented, generally cooperative, and able to relate to others.")

### C. Dr. Rabinovich

Finally, May takes issue with the ALJ's decision to give "partial weight" to the opinion offered by Dr. Rabinovich. Rabinovich found that May could lift and carry up to 20 pounds frequently, could sit, stand, and walk one hour each at a time, and sit and walk for three hours each during an eight-hour workday and stand for two hours during an eight-hour workday. (R. 599-600) Rabinovich also determined that May could climb stairs and ramps occasionally but could never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. (R. 602) The ALJ explained that Rabinovich's report was entitled only to partial weight because it was not based upon a longitudinal picture of May's symptoms and impairments, and because his examination was "generally benign." The ALJ observed that "Dr. Rabinovich's examination and records from treating physicians do not reflect significant sensory, motor, reflex loss, gait disturbance, muscle atrophy, or other objective signs and findings of a musculoskeletal impairment that would preclude at least the limited standing, walking, and lifting required in sedentary work." (R. 31) Again, as stated above, these are appropriate reasons for discounting evidence.

Simply stated, I find that the ALJ used sound legal reasoning in according weight to the various medical opinions May proffered. Further, his decisions in this respect are supported by substantial evidence of record. Consequently, I reject May's contention that the ALJ's assessment of medical opinions provides a basis for remand.

4. <u>Residual Functional Capacity</u>

Next, May challenges the ALJ's RFC finding. Specifically, May contends that, "[i]n this case, there is substantial evidence that Plaintiff is not able to either physically or mentally do the work noted in the residual functional capacity determined by the

ALJ." See ECF Docket No. 13, p. 15. Again, as stated above, this is the wrong standard. The task before me is to discern whether substantial evidence of record supports the ALJ's finding, not whether substantial evidence of record could have yielded a different result. May's argument is premised upon the conviction that the ALJ should have adopted the limitations set forth in Rabinovich's and Kalenak's reports. For the reasons previously stated, I find no error with the ALJ's decision to accord those reports diminished weight.

     5. <u>Hypothetical Question</u>

According to May, the ALJ erred in relying upon the VE's answer to a particular hypothetical question. May urges that the ALJ should have considered the VE's testimony that a claimant who needed to work in a reclined position, or miss more than one day of work per month, or who was off-task more than 10% of a work day, or who destroyed employer property, would not be able to perform any work. *See* ECF Docket No. 13, p. 16.

I disagree. An ALJ is only required to accept the responses that accurately reflect a claimant's impairments. *See Podedworny v. Harris*, 754 F.2d 201, 218 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The ALJ concluded that May had the RFC to perform sedentary work "which is low stress, defined here as: work requiring only routine, repetitive tasks, only occasional judgment, decision-making, and workplace changes; and only occasional interaction with public, coworkers, and supervisors." (R. 25) The ALJ's hypothetical is supported by substantial evidence of record. For instance, following surgery on his right knee, May reported improvement in pain and the ability to walk without difficulty. (R. 27) He had full range of motion. (R. 27)

With respect to back pain, the ALJ noted that May received epidural shots, participated in physical therapy and used a TENS unit. (R. 27-28) At a June 2016 orthopedic examination, May presented with a "comfortable range of motion in both hips." (R. 28) The ALJ stated that he "considered the claimant's degenerative disc disease and a small lumbar disc herniation, history of right knee surgery, and obesity in limiting the claimant to sedentary work." (R. 31) The ALJ explained that May's "good response to medication without side effects, lack of significant sensory, motor, reflex loss, gait disturbance, or muscle atrophy, and good response to treatment including knee surgery, demonstrate that further limitation in the claimant's physical abilities is not warranted." (R. 31) With respect to mental impairments, the ALJ observed that May reported a wide range of activities of daily living which are inconsistent with someone who is totally disabled. (R. 31) He further noted that, although outpatient records reflect situational stressors, there are "consistently unremarkable objective signs and findings on mental status examinations." (R. 31) Indeed, May acknowledged that the hearing that his depression was "under control." (R. 31) Given these limited mental impairments, the ALJ restricted May to only low stress jobs with only occasional interaction with the public, coworkers, and supervisors. (R. 31) Here, as set forth above, the record reveals substantial evidence that the hypothetical questions the ALJ adopted accurately reflected May's impairments.

Because the ALJ properly considered May's imitations supported by the record, I find no error on this issue.

6. <u>Credibility</u>

11

Finally, May takes issue with the ALJ's findings regarding his credibility.[7] It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision must "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p. Ordinarily, an ALJ's credibility determination is entitled to great deference. See Zirsnak v. Colvin, 777 F.3d 607, 612 (3d Cir. 2014); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003).

An ALJ must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, he must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (R. 19) Pain alone, however, does not establish disability. 20 C.F.R. § 404.1529(a); 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. Burnett v. Comm'r. of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000).

In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians; observations from agency

---

[7] May's objections are not entirely clear. He contends that an ALJ is required to make specific findings on credibility, that an ALJ can only discount subjective complaints of pain if there is a rational basis to do so, and that the record indicates that he is on strong pain medication for his low back impairments. See ECF Docket No. 13, p. 16-18. I find that the ALJ did set forth specific findings on credibility, that a rational basis exists for his discounting of subjective complaints of pain, and that the ALJ was aware of the prescribed pain medications. (R. 26-27)

12

employees; and other factors such as the claimant's daily activities; descriptions of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve the pain. 20 C.F.R. § 404.1529(c), 416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about his or her limitations or symptoms is less than fully credible. *See Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002).

Here, I find that the ALJ followed the correct analysis for assessing credibility. He set forth the two-step process identified above, assessed the underlying physical and mental impairments which could reasonably be expected to produce May's pain and then evaluated the intensity, persistence, and limiting effects of May's symptoms to determine the extent to which they limit May's functioning. (R. 25-32) He cited to voluminous medical records in support of his decision. Ultimately, the ALJ found that May's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 26) Because the ALJ is the finder of fact, and because the ALJ's determinations are supported by substantial evidence of record, I find no error.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER MATTHEW MAY      )
    Plaintiff,              )
                            )
 -vs-                         )        Civil Action No. 17-132
                            )
NANCY A. BERRYHILL,[8]           )
COMMISSIONER OF SOCIAL SECURITY,  )
                            )
    Defendant.                )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 22nd day of March, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 12) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 16) is GRANTED.

                                        BY THE COURT:

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[8] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.